IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| EDWARD GIBSON and § | | |
| SUSAN GIBSON § | | PLAINTIFFS |
| § | | |
| V. § | | Civil No.1:07CV1245HSO-JMR |
| § | | |
| MARKEL INTERNATIONAL, LTD., § | | |
| UNDERWRITING MANAGEMENT, INC., § | | |
| COMEAUX INSURANCE AGENCY, LLC, § | | |
| BURNS & WILCOX, LTD., GEORGE § | | |
| COMEAUX, Individually, and as Agent § | | |
| of COMEAUX INSURANCE AGENCY, § | | |
| LLC, and JOHN DOES 1-10. § | | DEFENDANTS |

**ORDER AND REASONS DENYING PLAINTIFFS'
MOTION TO REMAND**

BEFORE THE COURT is the Motion to Remand [9] of Plaintiffs Edward Gibson and Susan Gibson, filed on January 4, 2008. Defendants Markel International, Ltd. ("Markel"), and Underwriting Management, Inc. ("UMI"), have filed a Response [20]. Defendants Comeaux Insurance Agency, LLC ("Comeaux Insurance Agency"), and George Comeaux ("Comeaux"), have filed a Joinder [22] to Markel and UMI's Response, and Plaintiffs have filed a Rebuttal [25].

### I. BACKGROUND

**A.    Procedural History**

Plaintiffs filed their Complaint on or about October 26, 2007, in the Circuit Court of Hancock County, Mississippi, against Markel, UMI, Comeaux Insurance Agency, Burns & Wilcox, Ltd., George Comeaux, Individually and as Agent for Comeaux Insurance Agency, and John Does 1-10. Plaintiffs assert various claims

-1-

against Defendants related to losses sustained as a result of Hurricane Katrina, including, but not limited to, failure to procure insurance, breach of contract, negligence/gross negligence, and "bad faith" denial of insurance benefits. On December 5, 2007, Markel and UMI removed the case to this Court. All other Defendants joined in the removal. Defendants' Notice of Removal states that Plaintiffs fraudulently joined in-state Defendants, Comeaux Insurance Agency, and George Comeaux,[1] in order to circumvent the diversity jurisdiction of this Court. On January 4, 2008, Plaintiffs filed their Motion to Remand, contending that the Complaint states valid state law claims against these two Defendants.

**B.     Factual Background**

On or about September 3, 2004, Comeaux, as an agent of Comeaux Insurance Agency, procured flood insurance in the amount of $75,000.00, and homeowner's insurance in the amount of $56,000.00, on Plaintiffs' residence in connection with the purchase of their home. Hurricane Katrina struck the Mississippi Gulf Coast on August 29, 2005, prior to the policy's expiration, causing a total loss to the residence. Plaintiffs received the full $75,000.00 limits of their flood policy, but were denied all but $10,000.00 of their homeowner's policy on the basis that the total loss to the residence was caused by flood water, an excluded peril under the policy.

---

[1]The Notice of Removal also contends that the residency of Defendant Burns & Wilcox, Ltd., should be disregarded since it was fraudulently joined as a Defendant. However, Defendants' Response to Plaintiff's Motion to Remand concedes that Plaintiff's Complaint correctly identifies Burns & Wilcox, Ltd., as a diverse Defendant. Because the parties agree, and the Court concurs, that Burns & Wilcox, Ltd., is a diverse Defendant, claims against it need not be analyzed for purposes of this Motion. *See* Defs.' Resp. at p. 23-24.

In their Complaint and Motion to Remand, Plaintiffs allege that they were led to believe during the procurement process that the policy's hurricane deductible would provide full and comprehensive coverage for all hurricane damage, and further allege that Defendants failed to procure $75,000.00 of homeowner's insurance, as requested by Plaintiffs.  Defendants contend that Plaintiffs' allegations cannot form the basis for valid state law claims against Comeaux or Comeaux Insurance Agency and, therefore, this Court has subject matter jurisdiction over this case based on diversity of citizenship.

## II.  STANDARD OF REVIEW

The removing party bears the burden of demonstrating fraudulent or improper joinder, and this burden is a heavy one.  *See Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003)).  Improper joinder can be established by demonstrating either "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc).

Here, there is no allegation or evidence of fraud in pleading jurisdictional facts, so the Court will focus on the second method of establishing improper joinder.  Under this method,

> [t]he court determines whether that party has any possibility of recovery against the party whose joinder is questioned.  If there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no [improper] joinder.  This possibility, however, must be reasonable, not merely theoretical.

*Travis*, 326 F.3d at 648.

"[T]he threshold question for [the Court] is whether 'there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.'" *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (*quoting Smallwood*, 385 F.3d at 573).

The burden of proof is on the removing party to establish improper joinder. *See Jabour v. Life Ins. Co. of North America*, 362 F. Supp. 2d 736, 740 (S.D. Miss. 2005). Under this standard, the plaintiff "may not rest upon the mere allegations or denials of [his] pleadings." *Id.*(*quoting Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000)). "In other words, the plaintiff cannot simply rely upon conclusory or generic allegations to survive a properly supported claim of fraudulent joinder." *Id.*(*citing Badon v. RJR Nabisco, Inc.* 224 F.3d 382, 392-93 (5th Cir. 2000)). "Thus, the district court may 'pierce the pleadings' and consider 'summary judgment-type evidence' (e.g., affidavit and deposition testimony) when inquiring whether a resident defendant has been fraudulently joined." *Id.*(*citing Ross v. Citifinancial, Inc.*, 344 F.3d 458, 461 (5th Cir. 2003)).

> While conducting this inquiry, however, the court must resolve all disputed questions of fact and ambiguities of state law in favor of the non-removing party, *see Ross*, 344 F.3d at 463, "but *only* when there exists an actual controversy, *i.e.* when *both* parties have submitted *evidence* of contradictory facts." *Badon*, 224 F.3d at 394(emphasis in original). A court should not, "in the absence of any proof, assume that the non-moving party could or would prove the necessary facts" to support its claims against a resident defendant. *Id.*

*Jabour*, 362 F. Supp. 2d at 740.

If a court finds, after resolving all disputed questions of fact and ambiguities of law in favor of the non-removing party, that there is "arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder and hence no basis for asserting diversity of citizenship jurisdiction." *Id.*(*quoting Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993)).

### III.  DISCUSSION

Plaintiffs' Complaint advances state law claims against Comeaux for negligence, failure to procure insurance, breach of fiduciary duty, breach of contract, bad faith refusal to pay, intentional and/or negligent infliction of emotional distress, and fraudulent and negligent misrepresentation and/or omission.  Plaintiffs do not state any individual claims against Comeaux Insurance Agency, instead contending that it is vicariously liable for any individual liability of Comeaux.

### A.     Breach of Contract and Bad Faith Refusal to Pay

As an agent for a disclosed principal, Comeaux can incur no contractual liability to Plaintiffs absent fraud or other equivalent conduct.  *See Jabour*, 362 F. Supp. 2d at 740-41.  The record contains no evidence of fraud by Comeaux. Furthermore, because Comeaux was an insurance agent charged with the procurement of insurance, he was not a party to the insurance contract between Plaintiffs and Markel.  Under well-established Mississippi law, he is not liable under the contract for the payment of benefits.  *See Jenkins v. Farmington Cas. Co.*, 979 F. Supp. 454, 457 (S.D. Miss. 1997)*(citing Patton v. Aetna Ins. Co.*, 595 F. Supp. 533

(N.D. Miss. 1984)).

The Court is mindful that under Mississippi law, "insurance agents and adjusters, while not liable for ordinary negligence in performing their duties on behalf of the insurers, can 'incur independent liability when [their] conduct constitutes gross negligence, malice, or reckless disregard for the rights of the insured.'"[2] *Id.* (*quoting Bass v. California Life Ins. Co.*, 581 So. 2d 1087, 1090 (Miss. 1991)). Here, however, Plaintiffs have not provided sufficient support for any allegation that Comeaux performed any role in the investigation of their claim or was otherwise involved in the decision to deny benefits, and Plaintiffs have certainly not adequately demonstrated "that [Comeaux] committed any act in the claims evaluation or otherwise which would constitute 'gross negligence, malice, or reckless disregard of the rights of the insured.'" *Id.* Because Comeaux was not a party to the contract, he had no implied duty of good faith and fair dealing with regard to the performance of the contract and, as such, cannot be held liable under a bad faith theory of recovery. *See Jabour*, 362 F. Supp. 2d at 741. Plaintiffs therefore have no possibility of recovery against Comeaux for breach of contract or bad faith as a matter of state law.

**B.     Negligent and Fraudulent Misrepresentation**

In order to establish a fraudulent misrepresentation, the elements of fraud must be proven by clear and convincing evidence. *See Levens v. Campbell,* 733 So. 2d 753, 761 (Miss. 1999). These elements include: 1) a representation; 2) its falsity; 3) its

---

[2]This standard is applicable "to the tort-contract hybrid cause of action for bad faith handling/denial of insurance claims" and is applicable here. *See Williams v. Henson,* 42 F. Supp. 2d 628, 630 (N.D. Miss. 1999).

materiality; 4) the speaker's knowledge of its falsity or ignorance of its truth; 5) his intent that it should be acted upon by the person and in the manner reasonably contemplated; 6) the hearer's ignorance of its falsity; 7) his reliance on its truth; 8) his right to rely thereon; and 9) his consequent and proximate injury. *See id.*

To recover on a cause of action for negligent misrepresentation, Plaintiffs must prove by a preponderance of the evidence (1) a misrepresentation or omission of a fact; (2) that the representation or omission is material or significant; (3) failure to exercise reasonable care on the part of the defendant; (4) reasonable reliance on the misrepresentation or omission; and (5) damages as a direct result of such reasonable reliance. *See id.* at 762 (internal citations omitted).

### 1. *Misrepresentations Regarding "Hurricane" Coverage*

As the Fifth Circuit has determined, any claimed reliance by a policyholder upon assertions that all damage caused by a hurricane, including flooding, is covered by a homeowner's policy that excludes flood damage, as in this case, is unreasonable as a matter of law where there is policy language clearly excluding flood damage. *See Leonard v. Nationwide Mutual Ins. Co.*, 499 F.3d 419, 439-40 (5th Cir. 2007). Plaintiffs cannot base a fraud claim upon alleged misrepresentations that contradict the plain language of the insurance policy.

According to the Fifth Circuit, policyholders, such as Plaintiffs in this case, have an affirmative duty to read the policy in question. *See id.*(*citing Smith v. Union Nat'l Life Ins. Co.*, 286 F. Supp. 2d 782, 788 (S.D. Miss. 2003); *Gulf Guar. Life Ins. Co. v. Kelley*, 389 So. 2d 920, 922 (Miss. 1980)). "Whether the policy was read or not,

however, constructive knowledge of its contents is imputed to the policyholder." *Id.*(*citing Ross v. Citifinancial, Inc.*, 344 F.3d 458, 464 (5th Cir. 2003)(internal citation omitted)).

Recent Fifth Circuit cases have also held that a hurricane-deductible endorsement does not expand a homeowner's insurance policy's coverage to include damages resulting from storm surge during a hurricane if the policy otherwise excludes storm surge from coverage. *See Tuepker v. State Farm Fire & Cas. Co.*, 507 F.3d 346, 352-53 (5th Cir. 2007); *Smith v. Allstate Indemnity Co.*, 256 Fed. Appx. 694 (5th Cir. 2007). *Tuepker* explicitly determined, with respect to similar State Farm Fire homeowner's policy language, that nothing in the hurricane deductible endorsement rendered the water damage exclusion or the anti-concurrent-causation clause ambiguous in the policy's exclusion of Hurricane Katrina storm surge.[3] *See Tuepker*, 507 F.3d at 353 n.7, 354-55. Any claimed reliance by Plaintiffs upon the alleged representation that they had "full coverage" for any hurricane damage was unreasonable as a matter of law, since their policy language clearly excluded flood damage. *See Leonard*, 499 F.3d at 439-40; *see also* Ins. Policy at p. 6, attached as Ex. "A" to Compl. Therefore, Plaintiffs cannot maintain a claim for fraud or negligence based on this purported misrepresentation.

---

[3]Though Plaintiffs' Complaint alludes to a hurricane deductible endorsement, *see, e.g.,* Compl. ¶¶ 46 & 54, Plaintiffs do not set forth sufficient evidence demonstrating that the terms of the endorsement altered the policy exclusions. *See* Ins. Policy, attached as Ex. "A" to Compl.

### 2.     *Misrepresentations Regarding Procurement of Insurance*

As noted, Plaintiffs had an affirmative duty to read the policy in question.  *See Leonard*, 499 F.3d at 438 (*citing Smith*, 286 F. Supp. 2d at 788; *Kelley*, 389 So. 2d at 922).  "Whether the policy was read or not, however, constructive knowledge of its contents is imputed to the policyholder."  *Id.* at 438 (*citing Ross*, 344 F.3d at 464 (internal citation omitted)).

Plaintiffs have not alleged that the amount of coverage in either the homeowner's policy or the flood policy was misrepresented on the faces of the policies.  Rather, Plaintiffs contend that Comeaux made representations to them regarding the amount of coverage.  Plaintiffs are charged with knowledge of the policy's contents, which includes the coverage limits.  Reliance by Plaintiffs on such purported representations regarding the amount of insurance coverage actually procured, which contradict the policy language, is unreasonable as a matter of law according to the Fifth Circuit.  *See id.*  Here, Plaintiffs' declarations page clearly reflects a $56,000.00 liability limit on their dwelling.  *See* Dec. Page, attached as Ex. "B" to Compl.  Plaintiffs cannot maintain a claim for fraud based on this purported misrepresentation.

**C.     Negligence in Failure to Procure Requested Policy Coverage**

A claim for an agent's failure to procure insurance sounds in negligence.  *See Haggans v. State Farm Fire and Cas. Co.*, 803 So. 2d 1249, 1252 (Miss. Ct. App. 2002).  To succeed on such a claim, a plaintiff must prove duty, breach of that duty, causation, and damages by a preponderance of the evidence.  *See id.*  "Under

applicable Mississippi law, an insurance agent or broker who undertakes to procure insurance for a customer is under a duty to the prospective purchaser to exercise reasonable care, and this includes the duty to procure the coverages requested." *Perez v. Allstate Ins. Co.*, No. 1:06cv402, 2007 WL 955725, *2 (S.D. Miss. March 28, 2007) (*citing Lovett v. Bradford*, 676 So. 2d 893 (Miss. 1996); *First United Bank of Poplarville v. Reid,* 612 So. 2d 1131 (Miss. 1992); *McKinnon v. Batte*, 485 So. 2d 295 (Miss. 1986)).

An appraisal on the property, entitled Uniform Residential Appraisal Report, was performed on August 18, 2004, just prior to the time the Gibsons closed on their property.  *See* Edward Gibson Depo. at p. 47, attached as Ex. "A" to Defs.' Resp. (recalling that the lender may have required the appraisal).  This appraisal was supplied to Comeaux and reflected an appraised value of $56,000.00 for the insurable structures on the Gibson property at that time.  *See* Comeaux Aff., attached as Ex. "C" to Defs.' Resp.; *see also* Uniform Residential Appraisal Report, attached as Ex. "D" to Edward Gibson Depo., attached as Ex. "A" to Defs.' Resp.  According to Comeaux, he could not procure insurance coverage in excess of the appraised value of the insurable structures.[4]  *See id.*  Defendants cite section 83-13-5 of the Mississippi Code, which states that an insurer shall not issue "any fire insurance policy upon

---

[4]Defendants have also submitted the Real Property Appraisal Master File Inquiry Report for 2004, which is a public record kept in the Hancock County Tax Assessor's office, showing that the appraised values for Plaintiffs' land and improvements for 2004, the year Plaintiffs purchased their property, were $51,060.00 and $34,287.00, respectively.  *See* Ladner Aff. (Hancock County Tax Assessor), attached as Ex. "D" to Defs.' Resp.

property within [Mississippi] for an amount which...exceeds a fair value of the property...." MISS. CODE ANN. § 83-13-5 (1972).  The Markel policy at issue contains a Standard Fire Policy Endorsement.  *See* Ins. Policy, attached as Ex. "A" to Compl.

The Gibsons have not produced any evidence to demonstrate that Comeaux acted in an unreasonable manner when he issued a dwelling policy in the amount of $56,000.00 on a structure with an appraised value of $56,000.00 at the time, or that a $75,000.00 policy could have otherwise legally been issued on the Gibson dwelling at the time of the closing, on or about September 3, 2004.  *See Haggans*, 803 So. 2d at 1252(finding that the insurance agent did not breach any duty to procure insurance where affidavits were submitted stating that the agent was unauthorized to procure a contents coverage policy on a vacant residential property and where the plaintiff failed to set forth any evidence that such coverage could have been obtained); *see also* Edward Gibson Depo. at p. 6, attached as Ex. "A" to Defs.' Resp.  When a court pierces the pleadings in resolving a motion to remand, it should not, "in the absence of any proof, assume that the non-moving party could or would prove the necessary facts" to support its claims against a resident defendant.  *See Jabour v. Life Ins. Co. of North America*, 362 F. Supp. 2d 736, 740 (S.D. Miss. 2005).  Where, such as here, the evidence in the record demonstrates that "no [such] insurance could have been obtained, then a duty to procure insurance could not have been breached." *Haggans*, 803 So. 2d at 1252.

Plaintiffs contend that they requested, and believed that a homeowners policy was procured, in the amount of $75,000.00.  They received a copy of the policy.

"Whether [Plaintiffs] in fact read the policy or not, as an insured, [they are] deemed to have knowledge of the contents of an insurance policy." *Id.* Had Plaintiffs recognized that insurance was procured for less than the amount requested, then conceivably they could have–upon the requisite showing that the value of the insurable structures had increased or otherwise amounted to $75,000.00–been able to correct any alleged error and procure an additional $19,000.00 of homeowners insurance prior to Hurricane Katrina. The Court must confine its inquiry into whether Comeaux was negligent to an examination of his conduct *at the time* he procured the $56,000.00 policy, which in this case was on or about September 3, 2004. *See* Ins. Policy, attached to Compl.(identifying coverage from 9/3/2004-9/3/2005). Based upon the record before it, the Court cannot conclude that Comeaux breached any duty in not procuring the requested coverage on the Gibson dwelling, since he had no legal grounds for procuring such additional coverage at the time of the closing.

D.     **Breach of Fiduciary Duty**

"To maintain an action for breach of fiduciary duty, a fiduciary relationship must exist." *Skinner v. USAble Life*, 200 F. Supp. 2d 636, 641 (S.D. Miss. 2001)(*citing Lowery v. Guaranty Bank and Trust Co.*, 592 So. 2d 79, 83 (Miss. 1991)). "A fiduciary relationship includes both technical fiduciary relationships and informal fiduciary relationships, which exist simply 'whenever one person trusts in or relies upon another.'" *Id.* (*citing Lowery*, 592 So. 2d at 83). The circumstances which can give rise to a fiduciary relationship may exist where "(1) the activities of the parties go beyond their operating on their own behalf, and the activities for the benefit of both; (2)

where the parties have a common interest and profit from the activities of the other; (3) where the parties repose trust in one another; and (4) where one party has dominion or control over the other." *Booker v. American General Life and Accident Insurance Co.*, 257 F. Supp. 2d 850, 856 (S.D. Miss. 2003)(*citing University Nursing Associates, PLLC v. Phillips*, 2003 WL 328034, *2 (Miss. 2003)).

"In Mississippi, the purchase of insurance is deemed to be an arms' length transaction." *Id.*(*citing Langston v. Bigelow*, 820 So. 2d 752, 756 (Miss. App. 2002)). Thus, "[u]nder Mississippi law, there is no fiduciary relationship or duty between an insurance company and its insured in a first party insurance contract." *Id. (citing Gorman v. Southeastern Fidelity Ins. Co.*, 621 F. Supp. 33, 38 (S.D. Miss. 1985)). Though Mississippi courts have held that a fiduciary relationship can exist between an insurance agent and the insured, *see Lowery,* 592 So. 2d at 83, courts have often found that one does not exist in the context of first-party contracts, *see Booker,* 257 F. Supp. 2d at 856.

Where the record does not indicate that the plaintiff relied on the agent defendant for any type of business or financial advice outside the purchase of insurance policies, a fiduciary relationship will not be found to exist. *See id.* at 860-61. Here, the evidence shows that Plaintiffs relied on Comeaux only as a salesman. Because Plaintiffs engaged in a short-term, arms' length transaction with Comeaux for the limited purpose of purchasing the insurance at issue, the record does not support a finding that a fiduciary relationship existed between Comeaux and Plaintiffs. *See id.* at 859.

Where the insured should be aware of certain terms contained in the policy of insurance, the agent does not breach any fiduciary duty by not disclosing those terms. *See Skinner,* 200 F. Supp. 2d at 642(finding no breach of fiduciary duty where agent represented that a disability policy paid "full benefits," but where such benefits were subject to deductions listed in a brochure, which was provided to plaintiffs when the policy was purchased); *see also Ross v. Citifinancial, Inc.*, 344 F.3d 458, 466 (5th Cir. 2003)(*citing First United Bank of Poplarville v. Reid*, 612 So. 2d 1131 (Miss. 1992), for the proposition that a fiduciary duty may exist to procure insurance, but that where the certificate of insurance shows certain terms on its face, the insurance agent has no duty disclose those terms). Here, the policy contains an exclusion for damage caused by flood water. *See* Ins. Policy, attached as Ex. "A" to Compl. Because the policy clearly excludes flood damage, there can be no breach of fiduciary duty based upon any alleged representations made by Comeaux that the subject policy would provide comprehensive coverage for all hurricane damage, including damage caused by wind and water. *See* Compl. ¶¶ 23, 24; *see also* Pls.' Rebuttal at p. 10 (identifying the "question at bar" on the breach of fiduciary duty claim to be whether a fiduciary duty exists between an agent and an insured where no further insurance was purchased because of an insured's belief that he or she would be fully covered).

**E.     Negligent and Intentional Infliction of Emotional Distress**

Under Mississippi law, to succeed on a claim of negligent infliction of emotional distress, a plaintiff must prove "some sort of physical manifestation of injury or demonstrable physical harm." *Wilson v. GMAC*, 883 So. 2d 56, 65 (Miss. 2004)*(citing*

*American Bankers' Ins. Co. of Fla. v. Wells*, 819 So. 2d 1196, 1209 (Miss. 2001)). To support a claim for intentional infliction of emotional distress, no physical injury need be present so long as the plaintiff can establish that the defendant engaged in malicious, intentional, or outrageous conduct. *See Morrison v. Means*, 680 So. 2d 803, 806 (Miss. 1996)(stating "[i]f there is outrageous conduct, no injury is required for recovery for intentional infliction of emotional distress or mental anguish"); *see also Collums v. Union Planters Bank, NA*, 832 So. 2d 572, 576 (Miss. Ct. App. 2002)(requiring a showing of a deliberate and intentional act for the purpose of causing harm for a claim of intentional infliction of emotional distress).[5]

There is no evidence in the record showing any physical injury to Plaintiffs, much less physical injury resulting from any conduct on the part of Comeaux. Nor is there sufficient evidence of malicious, intentional, or outrageous conduct by Comeaux sufficient to support a claim for intentional infliction of emotional distress. Plaintiffs cannot establish a cause of action against Comeaux for either negligent or intentional infliction of emotional distress.

## IV.  CONCLUSION

Based upon the foregoing, Plaintiffs have no possibility of supporting their claims against George Comeaux or Comeaux Insurance Agency, LLC, under state

---

[5] The Court notes that *University of Southern Mississippi v. Williams*, 891 So. 2d 160, 172-73 (Miss. 2004) alters the standard of proof for mental anguish and emotional distress in breach of contract actions. *See Morris Newspaper Corp. v. Allen*, 932 So. 2d 810, 818-19 (Miss. Ct. App. 2005). However, because it is clear to the Court that Plaintiffs cannot succeed in their breach of contract claim against Comeaux, discussed *supra*, the *Williams* holding is inapposite.

law.  The Court therefore must conclude that these two Defendants were improperly joined.  The Court has subject matter jurisdiction over this suit pursuant to section 1332 of Title 28 of the United States Code, and the case will proceed in this Court against the remaining Defendants.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Motion to Remand [9] of Plaintiffs Edward Gibson and Susan Gibson, filed on January 4, 2008, in the above captioned cause, should be and is hereby **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiffs' claims against Defendants George Comeaux and Comeaux Insurance Agency, LLC, are hereby dismissed with prejudice.

**SO ORDERED AND ADJUDGED**, this the14th day of August, 2008.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE